**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**
**RENO, NEVADA**

| | | |
|---|---|---|
| MICHAEL ANTHONY RAY, | ) | 3:04-CV-0587-ECR-VPC |
| Petitioner, | ) | |
| vs. | ) | **ORDER** |
| MICHAEL BUDGE, et al., | ) | |
| Respondents. | ) | |

Petitioner Michael Anthony Ray, a prisoner at the Nevada State Prison, seeks a writ of habeas corpus pursuant to 28 U.S.C. §2254.

Petitioner was arrested and charged with nine counts of burglary while possessing a firearm, twelve counts of robbery with the use of a deadly weapon, and nine counts of possession of a firearm by an ex-felon. On February 15, 2002, Ray entered into a written plea agreement, pled guilty to one count of burglary while possessing a firearm, and nine counts of robbery with the use of a deadly weapon.

On June 6, 2002, an Amended Judgment of Conviction was filed showing a sentence of two to five years on Count I, twelve to thirty years on Count II, and two to five years on Counts III to XI, to run concurrent to the sentences imposed on Counts I and II.

Petitioner did not appeal the conviction.  On March 26, 2003, Petitioner filed a state petition for post conviction relief. After holding an evidentiary hearing, the state trial court denied relief on August 15, 2003.  Petitioner appealed and the Nevada Supreme Court affirmed the trial court's decision in an order filed on August 30, 2004.

Petitioner filed a pro se petition (#6) for a writ of habeas corpus in this Court on July 13, 2005.  Counsel for Petitioner then filed an amended petition (#16) on August 10, 2005.  Respondents filed an unopposed motion to dismiss (#19) on October 21, 2005.  On September 28, 2006, this Court dismissed (#21) Petitioner's claim that the state trial court erred in not granting him post-conviction relief as a matter of Nevada law.

The remaining allegations in the Amended Petition are:

(1)  That Petitioner was denied effective assistance of counsel when his counsel failed to note that one component of his plea agreement was that the state would send a letter to the parole board recommending that he be paroled after 20 years; Petitioner also asserts that, as a result of ineffective assistance of counsel, he did not enter a voluntary and intelligent plea of guilty;

2

    (2)   That Petitioner was denied effective assistance of counsel when his attorney did not seek to recover a Chevy Blazer that had been seized from him; and

    (3)   That Petitioner was denied effective assistance of counsel when his attorney failed to file a direct appeal after he was directed to do so.

## I.   Federal Habeas Corpus Standards

28 U.S.C. §2254(d), a provision of the Antiterrorism and Effective Death Penalty Act (AEDPA), provides the legal standards for this Court's consideration of the petition in this case:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim --
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. §2254(d). These standards of review "reflect the . . . general requirement that federal courts not disturb state court determinations unless the state court has failed to follow the law as explicated by the Supreme Court." Davis v. Kramer, 167 F.3d 494, 500 (9th Cir. 1999).

Furthermore, "a determination of a factual issue made by a State court shall be presumed to be correct," and the petitioner "shall have the burden of rebutting the presumption of correctness by clear and convincing evidence."  28 U.S.C. §2254(e)(1).

## II. Analysis

### A. Voluntary and Intelligent Plea

To comport with due process, a guilty plea must be voluntary and intelligent.  Boykin v. Alabama, 395 U.S. 238, 242-43 (1969). The defendant must be aware of the nature and elements of the charges against him and the possible punishment he faces.  Id., at 242-43.

Petitioner alleges that it was a part of his plea agreement that the prosecutor would send a letter to the parole board recommending that he be paroled after 20 years.  There was some discussion of a letter to the parole board in negotiations that occurred on the record.  The discussions continued, covering numerous issues.  There is no mention of this letter in the written plea agreement, and no such letter has been sent.

The Nevada Supreme Court affirmed the trial court's denial of Petitioner's request for post-conviction relief, summarizing the plea negotiations and the record as follows:

> The record reveals that there were extensive negotiations between Ray and the State concerning his proposed sentence. The State's initial offer was for a total term of imprisonment of between twenty and fifty years.  Ray refused the offer because he believed he would not receive parole and would be required to expire his sentence.  After further negotiations, the State offered to write a letter to the parole board recommending that Ray be paroled after serving twenty years. Ray still believed that he would be required to expire his

4

>       sentence, and the two parties continued negotiation.
>       Eventually, Ray agreed to plead guilty in exchange for a term
>       of imprisonment of fourteen to thirty-five years.  Neither Ray
>       nor the State was obligated to write a letter to the parole
>       board as part of the final plea agreement.

Order of Affirmance, Ray v. Nevada, No. 41964, slip op. at 7 (Nev. Aug. 30, 2004). Petitioner testified that he had read the written plea agreement, and that he had understood it. Having reviewed the transcript of the plea colloquy, this Court finds that Petitioner has failed to demonstrate by clear and convincing evidence that the proposed letter to the parole board actually became a component of the final plea agreement. See 28 U.S.C. §2254(e)(1).

**B.   Petitioner's Claims Of Ineffective Assistance Of Counsel**

To prove ineffective assistance of counsel, petitioner must prove (1) that his attorney's actions were outside the wide range of professionally competent assistance, and (2) that his counsel's action's prejudiced him. Strickland v. Washington, 466 U.S. 668, 687-90 (1984). In the context of a guilty plea, the prejudice prong of Strickland requires that petitioner show "a reasonable probability that, but for counsel's error, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985).

Again, this Court cannot conclude on this record that the proposed letter to the parole board became a part of Petitioner's plea agreement and no error on the part of Petitioner's counsel is apparent. The record also clearly demonstrates that the return of the Chevy Blazer was not a part of the plea agreement. After

Petitioner had pleaded guilty, Petitioner's counsel stated on the record:

> Mr. Denue: Yeah. Mr. Ray was concerned about the Blazer that was taken from his wife which she's paid for in full. I told him I didn't want to mention that because then you might make it part of the deal that you get to keep that Blazer, that I was inclined to wait until after sentencing when the case was closed and do a motion to recover property which I'm usually successful, and I don't think you want to make that part of the deal that you want to keep the Blazer.

Tr. of Plea Hr'g, Feb. 15, 2002, at 41. The prosecutor, Mr. Brown, then responded: "I'm going to take no position on that, Judge." Id. As the Nevada Supreme Court stated: "There is no support in the record for Ray's contention that the State was to return his Blazer as part of the guilty plea agreement."

Finally, Petitioner asserts that he requested that his counsel file an appeal. He nevertheless simultaneously asserts that his attorney failed to advise him of his appellate rights. In any case, no appeal was filed. The Nevada Supreme Court summarized its findings as follows:

> Gregory Denue, Ray's trial counsel at the time he entered his guilty plea, testified during the evidentiary hearing that Ray did not ask for an appeal. Attorney Brent Heggie, who represented Ray at sentencing, also testified that Ray did not request an appeal. Although Ray stated that he inquired about an appeal, the district court determined Heggie and Denue were more credible witnesses. We conclude that the district court's factual determination was supported by substantial evidence and was not clearly wrong.

Order of Affirmance, No. 41964, slip op. at 3 (Nev. Aug. 30, 2004). Having reviewed the transcripts of the sentencing hearing as well as the transcript of the post-conviction relief evidentiary hearing, this Court finds that there is not clear and convincing evidence that Petitioner requested that his counsel file an appeal.

6

Further, Petitioner's contention that an appeal was warranted by the alleged breach of the plea agreement is, for the reasons already stated, unsupported by this record.

**III. Conclusion**

   **IT IS, THEREFORE, HEREBY ORDERED** that the amended petition for writ of habeas corpus (#16) is **DENIED.**

   **IT IS FURTHER ORDERED** that the Clerk shall **ENTER JUDGMENT** accordingly.

DATED: This _24th_ day of March, 2008.

_____
UNITED STATES DISTRICT JUDGE

7